```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

THERESA BOWLING, M.D.,               :
                                     :
     Plaintiff,                      :
                                     :
     v.                              :    CASE NO. 3:17cv642(AWT)
                                     :
STAMFORD ANESTHESIOLOGY              :
SERVICES, P.C.,                      :
                                     :
     Defendant.                      :
```

RULING ON DEFENDANT'S MOTION TO COMPEL

Plaintiff, Dr. Theresa Bowling, filed this lawsuit against her former employer, Stamford Anesthesiology Services, P.C. ("SAS"), alleging that SAS violated the Americans with Disabilities Act of 1990 ("ADA") and the Connecticut Fair Employment Practices Act ("FEPA"). Specifically, Dr. Bowling alleges that SAS failed to accommodate her disability and terminated her employment because of her disability. Dr. Bowling also alleges that SAS retaliated against her after she complained of discriminatory treatment.

Pending before the court is SAS' Motion to Compel the production of (1) an unredacted copy of certain treatment notes from one of Dr. Bowling's therapists, Dr. Boulton, and (2) Department of Public Health records relating to a meeting that occurred on May 19, 2016. (Dkt. #176.) For the following reasons, SAS' motion to compel is granted in part and denied in part.

### a. Dr. Boulton's Redacted Records

During discovery, SAS requested numerous records from plaintiff's medical providers regarding plaintiff's treatment. Plaintiff produced several records in this matter, including notes from a treating therapist, Dr. Boulton. Before taking Dr. Boulton's deposition, SAS sought to update the treatment records but was told that an authorization from Dr. Bowling would be required. According to SAS' brief, Dr. Bowling only authorized the release of the records to her own attorney. Thereafter, Dr. Boulton's records were produced to Dr. Bowling's attorney, who in turn provided them to SAS' attorney. However, at the time of Dr. Boulton's deposition two pages of records were withheld by Dr. Bowling's attorney.

Several days after Dr. Boulton's deposition, the two pages that were previously withheld were turned over to SAS. The documents contain redactions for portions of three of the meeting notes. SAS seeks to compel Dr. Bowling to produce an unredacted version of the meeting notes.

Dr. Bowling argues that the notes are not relevant to the litigation and/or are subject to attorney/client privilege. In her opposition to SAS's motion, Dr. Bowling's attorney

2

represents that the redacted text relates to discussions about Dr. Bowling's teenage daughter and settlement discussions related to this litigation.

SAS argues that Dr. Bowling has turned over many other treatment notes that contain information not relevant to this litigation. SAS further argues that the attorney/client privilege would not apply here because the information was shared with a third party, namely Dr. Boulton. SAS also notes that no privilege log has been provided.

Based on the representations made by Dr. Bowling's attorney, who is an officer of the court and subject to the rules of professional responsibility, SAS' motion to compel is DENIED as to the redactions in Dr. Boulton's records. While the Court would prefer that counsel follow the practice of providing a privilege log, SAS suffered no prejudice in not having access to these records. According to plaintiff's brief, each of the three redactions is approximately one line of text. Dr. Bowling's attorney has represented, as an officer of the court, that the redacted items relate to matters that are unrelated to this litigation or are alleged to be privileged. More specifically, Dr. Bowling's attorney states that the redactions relate to Dr. Bowling's teenage daughter and settlement

3

negotiations.  The Court fails to see how those topics are relevant to the merits of this case or the issues presented.[1]

Further, during Dr. Boulton's deposition, Dr. Boulton was asked about the content of the pages withheld from SAS.  After reviewing unredacted copies, Dr. Boulton indicated that there was nothing significant contained therein.  Further, SAS has now reviewed the pages containing the redacted material in context of the other notes.  SAS has not argued, or provided information to the court to insinuate, that the information contained in the non-redacted portions of the records indicates that the three redacted lines of text are highly relevant to the issues in this case.

### b. Department of Public Health Meeting Records

SAS also seeks to compel the production of records from the Connecticut Department of Public Health ("DPH") related to a meeting that was held on May 19, 2016.  The alleged participants were Dr. Bowling, Maureen Dinnan, and a member of the DPH staff.  The meeting was allegedly called by the DPH to discuss the CHRO complaint that Dr. Bowling had filed in April of 2016 and to

---

[1] While Dr. Bowling may have waived the attorney / client privilege by mentioning settlement negotiations to her doctor, that does not make the otherwise confidential and inadmissible settlement discussions relevant and worthy of disclosure to her adversary under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

discuss the veracity of the allegations within the CHRO complaint. (Dkt. #176, at 3).

SAS argues that the information about the meeting is highly relevant to SAS' defense. More specifically, the requested information relates to the question of whether Dr. Bowling had a good faith basis for her CHRO complaint. Throughout this litigation, SAS has been arguing that Dr. Bowling cannot succeed on her retaliation claim if her CHRO complaint lacked a good faith basis, as this would take the CHRO complaint out of the category of protected activity. In light of this defense, SAS argues that the meeting on May 19, 2016 and the records from DPH are highly relevant to an issue in this case. The Court agrees.

Plaintiff argues that (i) the meeting notes are not medical records, (ii) the DPH meeting, which occurred a month after the CHRO complaint was filed, is not relevant to whether Dr. Bowling had a good faith belief at the time of filing, and (iii) that SAS has deposed Dr. Bowling and Maureen Dinnan and asked them about the meeting.

The Court finds that the DPH meeting notes are relevant within the meaning of Rule 26(b)(1). Even after the 2015 amendments to Rule 26(b)(1), relevance includes "'any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in this case.'"

5

Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon, No. 14 Civ. 9372 (GBD)(HBP), 2018 WL 2215510, at *6 (S.D.N.Y. May 14, 2018)(quoting Gilani v. Hewlett Packard Co., No. 15-CV-05609 (NSR), 2017 WL 4236564, at *1 (S.D.N.Y. Sept. 22, 2017)).  Dr. Bowling attended the DPH meeting and potentially discussed a matter that goes to the very core of one of SAS' defenses.  More specifically, whether and to what extent the CHRO complaint that Dr. Bowling had filed in April of 2016 was truthful and accurate.  The contents of the requested documents could shed light on whether a good faith basis existed for filing the CHRO complaint a month earlier.  The Court cannot conclude that any statements or admissions that Dr. Bowling may have made to the DPH about her CHRO complaint would have no bearing on whether the CHRO complaint was or was not made in good faith.

In addition, while SAS did have the opportunity to depose Maureen Dinnan and Dr. Bowling, SAS should not be left to their mere recollections of the May 2016 meeting when there are other records available such as any meeting notes or information retained by DPH.  The request served on DPH was for information clearly discoverable under Federal Rule of Civil Procedure 26(b) and, since it was narrowly tailored, the Court finds that the

request is proportional.[2]  Therefore, SAS's motion to compel is GRANTED as to the DPH records sought in this matter.

I. **Conclusion**

For the foregoing reasons, SAS's motion to compel is GRANTED in part and DENIED.  Plaintiff is ordered to supply SAS with a signed authorization for the DPH records related to the May 19, 2016 meeting within one week of this order.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

---

[2] Under Rule 26(b)(2), the Court should consider the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The nature of this case has already been described earlier.  Dr. Bowling is seeking millions of dollars in damages, as well as a prejudgment attachment on SAS' assets in the amount of $3,500,000. (Dkt. #166, at ¶2).  SAS cannot obtain the requested documents without written authorization from Dr. Bowling, which Dr. Bowling has refused to provide.  (Dkt. #176, at 3-4). As discussed earlier, the requested information potentially goes to the heart of one of SAS' defenses and is narrowly tailored to cover the meeting on May 19, 2016.  Additionally, there does not appear to be a burden or expense associated with the production.  The DPH appears willing to produce the materials if provided with a written authorization from Dr. Bowling.

SO ORDERED this 24th day of June, 2020 at Hartford, Connecticut.

```
               _____/s/_____
                       Robert A. Richardson
                       United States Magistrate Judge
```